CARRINGTON, Judge.
Concurred.
*174 PENDLETON, President.
On Dec. 14th, 1786, two judgments were entered against Mr. Gaskins, as Sheriff of Northumberland: One for the revenue tax, the other for the certificate tax, collected in 1785. Two other judgments are entered against the same Sheriff for like taxes in 1787; and, in all of them 15 per cent, damages are allowed; and, interest on them, as well as on the principle, from days preceding those on which the judgments were entered.
This was contrary to the revenue act of 1782; [c. 8,11 Stat. Larg. 112,] severe enough in itself, since by that act the principal and damages were to form an aggregate; on which, interest was to run from the time of the jndgment until paid, similar to judgments on protested bills. How this mistake crept into the judgments of the General Court, is not accounted for; but, whoever discovered it, and interposed to stop its progress, did a meritorious act, to prevent future injustice. If we were at liberty to decide upon the merits, I am inclined to think, we shofild not have been restrained from reversals, by the arguments of the Auditor and Attorney General, drawn from the bonds and the inconvenience of unravelling so many judgments.
The latter was a proper consideration with the Legislature, when they were contemplating the propriety of shutting the door against the correction of stale judgments. They have by their laws, interdicted all Appellate Courts, this as well as others, from hearing appeals from judgments which have rested five years.
The last of these judgments was in April, 1788, the supersedeas in October, 1794, (six and a half years after,) and by the District Court law of 1792, § 52, [13 Stat. Larg. 446,] no supersedeas or writ of error shall be granted to judgments in their own or Superior Courts, after five years from the date.
The counsel objected, that this law could not have a retrospective operation upon prior judgments, as the present were; not recollecting, that the District Court law of 1788, has the same clause, providing for prior judgments, which are left open until January, 1793; which was neither unconstitutional or unreasonable.
. The Court of Appeals law is, that writs of error and supersedeas may be granted, heard and determined in this Court, in the same manner and on the same principles, as they are to be granted, heard and determined in the District Courts, to judgments of Inferior Courts.
*175 The counsel said, this only respected the mode of proeeeding, and did not reach the limitation. But, if by law, it could not be granted in a similar case in the Dis-ti’ict Court, (and that is made the standard of this Court for manner and principles,) it is clear it could not be granted here.
The Court are concerned, at having, by granting the writ, drawn the party into expense. However, it was done at his request, passed in silence, and was not attended, to. We think with Mr. Warden, that error, when discovered, should be abandoned and not persisted in; and, according to a precedent in this Court, in October, 1783, in Maze v. Hamilton, quash the writ of supersedeas as improperly granted, but without costs.